# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            Case No. 06-40056-01-SAC

JOSEPH LEE ALLEN,

        Defendant.


## MEMORANDUM AND ORDER

This case, in which defendant is accused of armed robbery, comes before the court on defendant's motion to compel discovery (Dk. 97) and motion for additional discovery (Dk. 99).  The government has responded.

Having reviewed the pleadings and the prior course of discovery and related matters in this case, the court sees no need for court intervention.  The parties are experienced and reasonable attorneys, well able to confer regarding whether the items previously produced by the government are copies or originals and are or are not enhanced.  Further, the government's response has provided defendant with the additional information it seeks, with exceptions noted below, mooting defendant's

requests, in large part.

The government has not specifically addressed defendant's request for evidence of psychiatric treatment or drug addiction.  Defendant has shown no reason for the court to believe that any witness has any such record or that the government is in possession of such information. Accordingly, this request shall be denied.[1]

Regarding defendant's request for the home addresses of government witnesses, the government asserts that defendant has shown no true need for that information and that defendant poses a threat of danger to the witnesses such that the addresses should not be provided. The government notes that defendant was convicted less than one month ago in the District Court of Shawnee County, Kansas, of attempted first degree murder and criminal possession of a firearm, and has a lengthy criminal history of violence prior to that conviction.  The government additionally refers to a letter written by co-defendant Kenneth Allen, which the government intends to introduce at trial to show co-defendant's attempt to illegally influence the testimony of a witness in this matter.

---

[1]Defendant may, of course, renew this motion during trial if the facts and testimony establish a greater need than has been demonstrated at this point in time.

Asking a witness his address is usually permitted as presentation of background setting against which to test credibility of witness.  However, this court has a duty to protect witnesses from questions which go beyond the bounds of proper examination and expose the witness to danger.

> Ordinarily the question of address is a pertinent one having for its purpose the presentation of a background setting against which to test the credibility of the witness. This is not, however, invariable.  In *Smith v. Illinois*, 390 U.S. 129, 88 S. Ct. 748, 19 L. Ed. 2d 956 (1968), the Supreme Court noted that a trial judge is under a duty to protect the witness from questions which go beyond the bounds of proper examination merely "to harass, annoy or humiliate" him, quoting from *Alford v. United States*, supra....   [L]ower federal courts have interpreted the Supreme Court's language concerning harassment, annoyance or humiliation to include exposure of the witness to danger. (Citations omitted.)

*United States v. Smaldone*, 484 F.2d 311, 318 (10th Cir. 1973).  *See United States v. Alston*, 460 F.2d 48, 52 (5th Cir. 1972) (finding that "a reasonable interpretation of this area of exception, acknowledged by *Smith* and *Alford*, to the usual requirement that the witness divulge background information would include an instance in which the physical safety of the witness or his family might be endangered by disclosure.); see also Fed. R. Crim. P., Advisory Committee Note to 16(e), stating "this subdivision gives the court authority to deny, restrict or defer discovery upon a sufficient

showing...Among the considerations to be taken into account by the court will be the safety or witnesses and others, a particular danger or perjury or witness intimidation...")

Here, defendant shall have sufficient opportunity to cross examine the witnesses, to place them in their proper settings, and to know where they work and the town they live in.  None of the witnesses is a paid government informant or is alleged to be using a fictitious name. Additionally, the government has made a sufficient showing, based upon the public record and its specific representations in its brief, that there exists at least some issue of danger or protection such that revealing the addresses of the witnesses may stir a reasonable apprehension in the mind of the witnesses and thereby affect their testimony.  Accordingly, the court shall deny defendant's motion in this respect.

IT IS THEREFORE ORDERED that defendant's motion to compel (Dk. 97) and defendant's motion for additional discovery (Dk. 99) are denied.

Dated this 7th day of December, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

4