IN THE UNITED STATES DISTRICT COURT
**SEALED** FOR THE DISTRICT OF KANSAS



JAN – 4 2007

RALPH DeLOACH, Clerk
By **B.L.** Deputy

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  Case No. 06-40056-01-SAC

JOSEPH LEE ALLEN,

        Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on two ex parte motions by defendant: one for an order authorizing him to retain expert investigative services (Dk. 96); and one for an order authorizing him to retain expert polygraph services (Dk. 98). An ex parte hearing was held on December 12, 2006, at which time counsel for the defendant presented extensive argument.

During that hearing, defense counsel represented that his purpose in seeking funds for the polygraph examination was twofold: to test defendant's potential alibi defense,[1] and to form the basis for a

---

[1] To date, no notice of alibi defense for this defendant has been filed.

113.

subsequent motion to admit the examination in the event the results were positive. Counsel stated that he did not intend to confer with the government regarding a stipulation that the results of the polygraph examination would be admissible in court. Counsel agreed to timely provide to the court, in camera, a copy of the polygraph examiner's report, if his client would so agree.

Accordingly, this court conditioned its order granting defendant's polygraph motion upon defendant's agreement to timely provide to the court, in camera, a copy of the polygraph examiner's report regarding his examination of the defendant. The court agreed not to disclose the results of defendant's polygraph examination to anyone, including the government. The court took defendant's motion for funds for an investigator under advisement. Thereafter, defense counsel wrote a letter to the court, stating that his client was not agreeable to his providing a copy of his polygraph examination to either the Court or the prosecution.

The standards which govern the court's consideration of this motion are clear. 18 U.S.C. § 3006A(e)(1) provides:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required

in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

"The court need not appoint an expert unless it is convinced that such services are necessary to an adequate defense." *United States v. Greschner*, 802 F.2d 373, 377 (10th Cir.1986) (citations omitted), *cert denied*, 480 U.S. 908 (1987). "Furthermore, it is the defendant's burden to make a showing of necessity." *Id.* (citations omitted). The defendant "has the burden of satisfying the district court that the services are reasonably necessary." *United Sales v. Sanchez*, 912 F.2d 18, 22 (2nd Cir. 1990). The defendant "must articulate a reasonable basis for his request." *United States v. Norwood*, 798 F.2d 1094, 1100 (7th Cir.1986), cert. denied, 479 U.S. 1011 (1986). The test most often stated is "whether a reasonable attorney would engage such services for a client having the independent financial means to pay for them." *See United States v. Alden*, 767 F.2d 314, 318 (7th Cir. 1984) (and cases cited therein). " '[A] trial court need not authorize an expenditure under [§ 3006A(e) ] for a mere "fishing expedition," it should not withhold its authority when underlying facts reasonably suggest that further exploration may prove beneficial to the accused in the development of a defense to the charge.' " *Sanchez*, 912 F.2d at 22 (quoting *United States v. Schultz*, 431 F.2d 907, 911 (8th Cir. 1970) (footnote omitted)).

Polygraph tests are generally inadmissible in this circuit.

*Palmer v. City of Monticello*, 31 F.3d 1499, 1506 (10th Cir. 1994). A district court can admit polygraph evidence when the parties stipulate in advance as to the circumstances of the test and as to the scope of its admissibility. *United States v. Gilliard*,133 F.3d 809, 812 (11th Cir. 1998). A district court can additionally admit such evidence under Fed. R. Evid. 702, 703, and 403, when the movant satisfies the rigorous criteria regarding the examination's reliability and effectiveness under *Daubert, see United States v. Call*, 129 F.3d 1402, 1404 (10t Cir. 1997). This court has admitted polygraph examinations on rare occasions. *See e.g., United States v. Walters*, 89 F. Supp. 2d 1217 (D. Kan. 2000).

Despite the lengthy proffer made by defense counsel during the hearing, the court finds that defendant has failed to meet his burden of convincing the court that either the polygraph or the investigator is necessary to an adequate defense. In order to obtain services under the relevant statute, the defendant must do more than allege that the services would be helpful. *United States v. Kennedy*, 64 F.3d 1465, 1470 (10th Cir. 1995). Authorized expenditures for services should be for the purpose of discovering admissible evidence, not for mere "fishing expeditions."

Defendant's request for funds for an expert investigator

primarily seeks to discover information to determine defendant's presence
at the scene of the robberies or elsewhere. Most requests are to locate
witnesses and to test the strength and validity of the identifications made or
not made of the defendant by persons present during the robberies.  Some
of this information has been the subject of a previous suppression hearing,
at which time defendant was represented by other counsel. *See* Dk.  40.
Other information defendant seeks is precluded by the court's previous
order relating to discovery issues, in which the court found that the
government's refusal to produce the home addresses of its witnesses due
to safety concerns was justified.  *See* Dk. 106 (denying defendant's motion
to compel discovery (Dk. 97) and defendant's motion for additional
discovery (Dk. 99)).

         Defendant's request for funds for a polygraph examination
meets the same fate.  Even if defendant could meet the *Daubert* criteria,
the probative value of the polygraph evidence is likely to be substantially
outweighed by the danger of unfair prejudice. *See Palmer v. City of
Monticello*, 31 F.3d 1499, 1506 (10th Cir. 1994); *United States v. Sherlin*,
67 F.3d 1208, 1216-17 (6th Cir.1995), *cert. denied*, 516 U.S. 1082 (1996).
Absent a stipulation by the parties regarding the circumstances of the
polygraph test and the scope of its admissibility, defendant's taking of a

polygraph test would not lead to admissible evidence.

IT IS THEREFORE ORDERED that defendant's ex parte motion for order authorizing defendant to retain an investigator (Dk. 96) and defendant's ex parte motion for authorization to retain expert polygraph services (Dk. 98) are denied.

IT IS FURTHER ORDERED THAT defendant's motion and order shall be entered ex parte and shall be placed under seal with the Clerk of the Court until the final disposition of the case, subject to further order of the court.

Dated this ___ day of January, 2007, Topeka, Kansas.

Sam A. Crow, U.S. District Senior Judge