IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                          Case No. 06-40056-01-SAC

JOSEPH LEE ALLEN,

       Defendant.

MEMORANDUM AND ORDER

    This case comes before the court on the renewed motion of

defendant's counsel to withdraw, and on the government's motion to place

the matter on the trial docket.

**Motion to withdraw**

    **Procedural history**

    Defendant was indicted on April 20, 2006, based on alleged Hobbs

Act armed robberies occurring in 2004 and 2005. On May 4, 2006, the

court appointed counsel for defendant. Approximately five months later,

counsel advised the court that the defendant was not satisfied with his

services, that defendant wanted new counsel, that defendant believed

counsel's interests were contrary to his, that communication with defendant

had broken down, and that counsel had effectively been discharged. Dk.

53. On September 13, 2006, the court permitted defendant's first appointed counsel to withdraw, and appointed other counsel to represent defendant for all further proceedings. The court also granted the third motion to continue the jury trial. Dk. 57.

Less than one month later, defendant's second appointed counsel moved to withdraw, stating that he had "a direct conflict of interest with a current client," and that his continued representation would violate the prohibition of MRPC 1.7. Dk. 63. The court granted the motion to withdraw, as well as another motion for continuance of trial. Dk. 65.

On October 12, 2006, Mr. Mark Bennett was appointed as counsel for this defendant. Dk. 69. Upon entering the case, Mr. Bennett filed a motion for continuance of trial, which the court granted. Dk. 88. Thereafter, Mr. Bennett filed several additional motions to continue the trial (Dk. 114, 121, 127), which the court also granted (Dk. 115, 122, 129), extending the trial date to November 28, 2007.

On August 31, 2007, Mr. Bennett filed a motion to withdraw. In support of his motion, counsel advised the court only:

> ...if counsel were to continue as counsel for the defendant herein, the defendant's expectations regarding said representation will cause counsel to have to either fulfill the defendant's expectations or violate the Kansas Rules of Professional Conduct as found in Rule 226, et

2

seq. of the Rules of the Kansas Supreme Court relating to discipline of attorneys.

Dk. 133. The court held a hearing on the matter then denied without prejudice Mr. Bennett's motion to withdraw. At that hearing, Mr. Bennett orally moved to continue the jury trial for a period of at least 12 months, to which the government was agreeable. An agreed order was then entered continuing the trial "until a date subsequent to January 1, 2009 in order to determine whether or not this matter can be amicably resolved." Dk.140.

On February 1, 2008, Mr. Bennett filed a renewed motion to withdraw, informing the court that the defendant had "expectations" and "requests" which, if counsel fulfilled, would cause counsel to engage in unprofessional conduct. Dk. 143. The court took the motion under advisement both initially and after the hearing held on June 10, 2008.

During the June 10th hearing, Mr. Bennett referred the court to his motion. The motion states that counsel had discussed the matter with his client "at great length" and that his client had no objection to his withdrawal, and alleges that "professional considerations herein require counsel to terminate his representation of the defendant." Dk. 143, p. 2. Counsel orally added the following: 1) Counsel had conferred with the Disciplinary Administrator for the State of Kansas before he filed his motion to

3

withdraw, and with the Disciplinary Administrator and two of the
Administrator's assistants after he filed the motion, for the express
purposes of informing them of the facts underlying the motion and seeking
their professional opinions. They told him that he would be at risk of being
suspended or disbarred if he complied with his client's requests, and that
withdrawal is "mandated."  2) The Disciplinary Administrator advised Mr.
Bennett that if this court desires additional information, Mr. Bennett should
retain counsel to represent him in responding to that inquiry. 3) Mr. Bennett
also currently represents this defendant in a state court case, in which he
was appointed post-trial. Mr. Bennett made a motion for new trial in that
case based on newly discovered evidence, and the trial court subsequently
denied that motion finding that the new evidence, which consisted of the
testimony of an individual other than this defendant, was not credible.
Thereafter, government's counsel in this case wrote a letter to Mr. Bennett
implying that Mr. Bennett had suborned perjury in the state court case by
his conduct related to the motion for new trial.

After hearing these additional facts, the court specifically inquired of
Mr. Bennett whether new counsel, if appointed, would have the same
potential conflict as he had, and Mr. Bennett repeatedly replied

affirmatively. The court additionally inquired whether current counsel could be present during defendant's testimony but not participate in offering any perjured testimony. Counsel replied that perjury "is not the only issue," and opined that he would violate "about seven disciplinary rules" if he complied with defendant's desires. Counsel has never informed the court of what defendant's requests or expectations are, or of which disciplinary rules counsel believes will be violated in the event he complies with defendant's requests. The court then asked again whether the same or similar concerns would be faced by all counsel appointed to represent the defendant, and Mr. Bennett replied, "Yes, I believe they would."

Counsel for the government then indicated that the same circumstances would likely be faced by another attorney, that it would be mere conjecture to presume that the defendant would follow the advice of a new attorney if he would not follow the advice of Mr. Bennett, and that an attorney more competent than Mr. Bennett to deal with this situation could likely not be found in the local bar. The court shares the AUSA's opinion on these matters.

**Disciplinary rules**

D. Kan. Rule 83.6.1(a) adopts the Kansas Rules of Professional

Conduct as the Standards of Professional Conduct for this court.

Defendant's counsel relies upon the following portion of Rule 1.16 of the

Kansas Rules of Professional Conduct in his motion to withdraw:

> (a) Except as stated in paragraph (c), a lawyer... shall withdraw from the representation of the client if: 1. The representation will result in violation of the Rules of Professional Conduct or other law ...
> Counsel then cites the comments, which note:
> A lawyer must ordinarily decline or withdraw from representation if the client demands that the lawyer engage in conduct that is illegal or violates the Rules of Professional Conduct or other law ...
> When a lawyer has been appointed to represent a client, withdrawal ordinarily requires approval of the appointing authority. See also, Rule 6.2. Difficulty may be encountered if withdrawal is based on the client's demand that the lawyer engage in unprofessional conduct. The Court may wish an explanation for the withdrawal while the lawyer may be bound to keep confidential the facts that would constitute such an explanation.  The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.

Dk. 143, p. 2-3.

The "except" clause of Rule 1.16 ("Except as stated in paragraph (c),

a lawyer... shall withdraw...) is particularly relevant in this case. Rule 1.16

(c) states:

> When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

The court's duty in the present case is to determine whether to make such

an order.

6

The court first addresses counsel's assertion that he need not reveal the underlying basis for his motion. The balance between the lawyer's duty of confidentiality to his client and the lawyer's duty of candor toward the tribunal, as expressed in Rule 3.3, is not tipped in favor of nondisclosure in this case. As Rule 3.3 (b) states:

> A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage... in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

The duty of candor toward the court trumps the lawyer's duty of confidentiality in such cases, as stated in Rule 3.3 (c):

> The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

The closing comment to Rule 3.3 expressly permits disclosure in connection with a motion to withdraw, in stating:

> In connection with a request for permission to withdraw that is premised on a client's misconduct, a lawyer may reveal information relating to the representation only to the extent reasonably necessary to comply with this Rule or as otherwise permitted by Rule 1.6.

KRPC 3.3 Comment.

Rule 1.6 governs the confidentiality of information relating to representation of a client. That Rule, which generally requires lawyer to

maintain the confidences of his client, provides a relevant exception in (b), stating:

> A lawyer may reveal [confidential] information to the extent the lawyer reasonably believes necessary:
> (1) to prevent the client from committing a crime; or
> (2) to comply with ...orders of any tribunal.

Additionally, it is not clear that the communications at issue here are privileged. *See Nix v. Whiteside*, 475 U.S. 157, 174, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986) ("The crime of perjury in this setting is indistinguishable in substance from the crime of threatening or tampering with a witness or a juror.... An attorney's duty of confidentiality ... does not extend to a client's announced plans to engage in future criminal conduct.")

Rule 3.3 additionally notes:

> (d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

A motion to withdraw as counsel is, of course, not an ex parte proceeding, but it is similar to an ex parte proceeding in that a conflicting position is generally not advanced by the opposing party, and the movant's counsel alone has knowledge of the material facts which could enable the court to make an informed decision. *See United States v. Velazquez*,141 Fed.Appx. 526, 527, 2005 WL 1669594, 1 (9th Cir. 2005) (affirming district court's

8

hearing of communications that the attorney-client privilege may have

protected because the court needed to hear them in order to resolve the

motion to withdraw.)

The comments to Rule 3.3 are consistent in stating:

This Rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process. A lawyer acting as an advocate in an adjudicative proceeding has an obligation to present the client's case with persuasive force. **Performance of that duty while maintaining confidences of the client, however, is qualified by the advocate's duty of candor to the tribunal.** Consequently, ... the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false.

The duties states in paragraphs (a) and (b) apply to all lawyers, including defense counsel in criminal cases. In some jurisdictions, however, courts have required counsel to present the accused as a witness or to give a narrative statement if the accused so desires, even if counsel knows that the testimony or statement will be false. **The obligation of the advocate under the Rules of Professional Conduct is subordinate to such requirements**.

Comment to Rule 3.3 (bold added). The Rules thus suggest that when an

attorney's duty to his client conflicts with his duty to the court, his obligation

to the court is superior.

In this case, the court does not believe that it currently needs further

information from defense counsel regarding the underlying nature of the

conflict because the court is persuaded that counsel has already shown

"good cause for terminating the representation."  The court's decision is

whether to order counsel to continue representation, notwithstanding good cause for terminating the representation. *See* Rule 1.16 (c).

**Analysis**

The decision whether counsel should be permitted to withdraw rests within the court's sound discretion. In making this decision, the court balances the need for the orderly administration of justice with the fact that an irreconcilable conflict exists between counsel and the accused. In doing so, the court considers the history of the case, the timing of the motion, the inconvenience to witnesses, the period of time elapsed between the date of the alleged offense and trial, and the possibility that any subsequent counsel will be confronted with the same irreconcilable conflict.

Defendant was indicted on April 20, 2006, based on events occurring in 2004 and 2005. Two appointed counsel have already been permitted to withdraw based on the same or similar conflicts as current counsel is experiencing. Defendant has already been granted multiple continuances of the trial, based largely if not exclusively on the entry of new counsel in the case. Defendant's co-defendant plead over a year and a half ago, and was sentenced approximately eight months ago.

Counsel's motion is timely, since not made on the eve of trial, and

10

was not filed for any apparent strategic advantage. But to grant the motion would require yet another delay in getting this case to trial. The government noted, in arguing its motion to set a trial date, its belief that delay would prejudice the government because the availability of witnesses and the sharpness of their memories generally decrease over time in cases such as this. Defense counsel effectively countered this claim of prejudice by noting that the government had earlier agreed to postpone the trial until after January of 2009.

The court is firmly convinced that, barring unforseen circumstances, the same or similar conflict will be presented to any other effective and competent counsel who could be appointed to represent the defendant. There is no reason to believe that subsequent counsel would be any more successful than Mr. Bennett at persuading the client to follow a different course of action. Nor does the court believe that subsequent counsel would have any more experience or more ability to take control of the litigation in a way that would make it any less difficult for him or her to continue the representation notwithstanding inevitable differences with the client. The court fully expects that "irreconcilable conflicts" would arise between this defendant and a string of attorneys, as they have with his first three

11

attorneys. Appointments of new counsel cannot continue indefinitely, and the merits of this case must be resolved one way or the other. Because the orderly administration of justice requires it, the court finds it necessary to refuse counsel's permission to withdraw, despite good cause shown.

The court is aware of the uncomfortable position in which this decision places defense counsel. Counsel must, within the confines of the law and his or her professional duties and responsibilities, present the client's case as well as he can. The court fully expects that this order pursuant to Rule 1.16 (c), coupled with counsel's diligent efforts to date and hereafter to comply with the disciplinary rules, will relieve counsel from consequences that might otherwise have been imposed by the Office of the Disciplinary Administrator in the absence of such an order.

Defendant should be made aware that the right to effective counsel does not include the right to present perjured testimony. *Nix*, 475 U.S. 157. Further, a defendant's right to testify in his own defense is not absolute. As the United States Supreme Court has explained: "Whatever the scope of a constitutional right to testify, it is elementary that such a right does not extend to testifying falsely. ... Having voluntarily taken the stand, petitioner was under an obligation to speak truthfully." *Nix*, 475 U.S. at 173.

12

The court will not dictate counsel's future course of conduct, but refers the parties to *United States v. Litchfield*, 959 F.2d 1514 (10th Cir. 1992). There, the Tenth Circuit found that a defense counsel's ex parte discussion with a district court in which he advised the district court of his belief that defendant would testify untruthfully did not violate the defense counsel's ethical duty to his client, nor was it evidence of a conflict of interest sufficient to support an ineffective assistance of counsel claim. *Id.* at 1518. In informing the court of his client's anticipated dishonesty, the lawyer was merely satisfying his dual obligations to both the court and his client, while protecting his own reputation for integrity before the court. *Id. See also Nix*, 475 U.S. at 168 (stating in dictum that a lawyer who is faced with a criminal defendant who cannot be dissuaded from committing perjury must disclose the proposed perjury to the judge, if the lawyer is not permitted to withdraw); ABA Formal Ethics Opinion 87-353 (1987) (advising that in the prospective perjury context, if the lawyer cannot dissuade the client from testifying falsely and cannot withdraw, he must disclose the client's intention to commit perjury to the court.)

**Motion to set trial date**

Having heard the representations of counsel on June 10th, and

13

having reviewed this motion, the court finds that the motion to set trial date should be granted in the interest of justice. The circumstances which led the parties to agree to a delayed trial date are no longer present. No reason for further delay of this trial has been shown. The following dates are thus set: Status conference on September 16, 2008 at 2:00 pm and Jury Trial on October 1, 2008 at 1:30 pm.

IT IS THEREFORE ORDERED that defense counsel's motion to withdraw (Dk. 143) is denied, and Mr. Mark Bennett is hereby ordered to continue his representation of this defendant notwithstanding good cause shown for terminating the representation.

IT IS FURTHER ORDERED that the government's motion to place matter on trial docket (Dk. 148) is granted.

Dated this 1st day of July, 2008.

s/ Sam A. Crow
Sam A. Crow
U.S. District Senior Judge