IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    Case No. 06-40056-01-SAC

JOSEPH LEE ALLEN,

    Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on defense counsel's second renewed motion to withdraw as counsel. The government has filed no response to the motion. A hearing was held on this motion on September 16, 2008, at which time the court took the motion under advisement.

During the hearing on this matter, defense counsel expressed the concerns reflected in his motion, adding that he had conveyed his concerns to other attorneys and to the Kansas Disciplinary Administrator four or five times,[1] but had failed to receive "a pass." The court asked the defendant

---

[1]The court is somewhat perplexed that counsel is apparently willing to divulge protected communications to the Office of the Disciplinary Administrator but remains unwilling to divulge any such communications to the court. To the extent that a qualified privilege may permit counsel's disclosure of attorney-client protected communications to the former, that

whether he believed that his counsel had adequately represented him up until now. The defendant replied that he believes that his attorney is a "good lawyer," that he "has had no problems with him," and that the judge should decide the motion. Thereafter, defense counsel confirmed that the "big problem" is that the defendant wants him to present the testimony of certain witnesses at trial that the attorney believes he cannot present due to ethical constraints.

When queried by the court, defense counsel confirmed that he had previously represented to the court that any other counsel appointed to represent this defendant would have the same problem. Defense counsel then couched that result as merely "a possibility," because another attorney might construe the ethical rules more loosely than he does.

The court is familiar with this defendant's history of counsel in this case, and of the reasons why they withdrew. From that record and from the statements of this counsel, the court is convinced that it would indeed be a long and likely futile search to find an attorney whom the court could appoint who may believe that the ethics rules permit him to do what his

---

privilege would appear to permit disclosure of the same to this court, who has perhaps an even greater interest in the matter.

client requests.²

A criminal defendant's privilege to testify in his own defense does not include the right to commit perjury. *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). Nor is a defendant's Sixth Amendment right to the assistance of counsel violated when an attorney refuses to cooperate with a defendant in presenting perjured testimony at trial. *Nix v. Whiteside*, 475 U.S. 157, 162-63, 106 S.Ct. 988, 991-92, 89 L.Ed.2d 123 (1986).

A defendant's right to present a defense is fundamental, but is not absolute. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982). "The right may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Untied Staets v. Serrano*, 406 F.3d 1208, 1215 (10th Cir.), *cert. denied*, 546 U.S. 913 (2005) quoting *Rock v. Arkansas*, 483 U.S. 44, 55, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). "The integrity and efficient administration of judicial proceedings constitute such countervailing interests." *Young v. Workman*,

---

²As previously noted, counsel has never informed the court of what defendant's requests are or of which disciplinary rules counsel believes will be violated in the event he complies with defendant's requests. See Dk. 151, p.5. Nor have the requests been represented to be demands or threats.

383 F.3d 1233, 1237 -1238 (10th Cir. 2004).Thus a defendant's right to present evidence in his defense is weighed against the countervailing public interest of the court's need to preserve the integrity of the trial process. *See United States v. Solomon*, 399 F.3d 1231, 1239 (10th Cir. 2005).

The paramount concern is maintaining the integrity of the judicial process itself. *United States v. Combs*, 267 F.3d 1167, 1179 (10th Cir. 2001). The ethics rules support this premise by providing that the attorney's duty of candor toward the court outweighs the attorney's duty to preserve the confidences of his client, where the two conflict. *See* Dk. 151,KRPC Rule 3.3; *See also United States v. Hamilton*, 128 F.3d 996, 1000 (6th Cir.1997) (finding attorney was under an obligation to disclose to the court a material fact necessary to avoid a fraud being perpetrated upon the court, thus her filing of a sealed pleading disclosing attorney-client communications did not violate the attorney-client privilege.)

The court does not share defense counsel's concerns that his representation may be subsequently determined to be constitutionally ineffective in the event he complies with the ethics rules. *See Strickland v. Washington*, 466 U.S. 688, 692 (1984). Nor does the court agree that the

defendant will be deprived of his constitutional right to representation by counsel of his choice if counsel is not permitted to withdraw. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S.Ct. 2557, 2565,165 L.Ed.2d 409 (2006) ("The right to counsel of choice does not extend to defendants who require counsel to be appointed for them.")

Having reviewed the motion and heard the statements of counsel and the defendant at the September 16th hearing, the court denies the motion for the same reasons stated in its prior order, which extensively addressed this same issue. *See* Dk. 151. The court is convinced that the same circumstances would likely be faced by another attorney, that the defendant would likely not follow the advice of a new attorney if he would not follow the advice of Mr. Bennett, and that an attorney more competent than Mr. Bennett to deal with this situation can likely not be found in the local bar. The court is sympathetic to the difficult position defense counsel is in, and points counsel to the court's previous order regarding the manner in which this case may be tried without violating the ethical rules. *See* Dk. 151, p.13.

IT IS THEREFORE ORDERED that the second renewed motion to withdraw as counsel for defendant (Dk. 156) is denied.

Dated this 23rd day of September, 2008.

                    <u>s/ Sam A. Crow</u>
                    Sam A. Crow, U.S. District Senior Judge