IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                           Case No. 06-40056-01-SAC

JOSEPH LEE ALLEN,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss based on violation of the Speedy Trial Act. Dk. 157.[1] The government opposes the motion. Dk. 159.

The Speedy Trial Act generally requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Act not only protects a defendant's right to a speedy indictment and trial, but also serves the public interest by ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126

---

[1] Defendant does not claim that his Sixth Amendment right to a speedy trial was violated. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006). *See United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004). "In balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. *See* 18 U.S.C. § 3161(h)." *United States v. Williams*, 511 F.3d 1044, 1047-48 (10th Cir. 2007).

Defendant's motion does not contend that any non-excludable time had elapsed in this case prior to the court's order dated July 1, 2008. Defendant contends that his speedy trial rights have been violated because more than 70 days have passed since the court's July 1st order, that there is no excludable time during that 70-day period, and that he did not waive his speedy trial rights. "The defendant has the burden of proof of supporting a motion to dismiss for violation of the Speedy Trial Act." *United States v. Pasquale*, 25 F.3d 948, 951 (10th Cir. 1994).

Defendant errs in treating the court's July 1, 2008 order as having granted an ends-of-justice continuance, which requires a statement of reasons for the delay. *See* 18 U.S.C. §3161(h); *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir.2007). As explained below, the July 1st order did not continue or delay the trial date, but advanced it by at least

three months, furthering the public interest in speedy justice, the defendant's interest in speedy trial, and the ends of justice.

The July 1st, 2008 order related to an earlier agreed order, filed on October 4, 2007, which had continued the trial until after January 1, 2009 based upon the court's ends-of-justice finding. The court's reasons for that finding were: 1) a continuance would facilitate the defendant's potential cooperation and plea agreement in unrelated matters in the District Court of Shawnee County, Kansas, which would impact plea negotiations in this case; 2) resolution of counsel's request to withdraw from further representation of the defendant was necessary; 3) the additional time would not prejudice the parties; 4) defendant expressly desired the continuance and asserted a waiver of his speedy trial rights; and 5) refusal to grant the request would result in a miscarriage of justice. *See* Dk. 140,148. The court considered the defined factors and concluded the ends of justice were served by the continuance. *See id*; 18 U.S.C. § 3161(8).

On May 1, 2008, the government filed a motion to set trial date (Dk.148), asking the court to place the case on the court's trial docket at the earliest available time, representing that the circumstances relating to the state court case which had previously made the delay until 2009

desirable to the government were no longer present. Defendant filed no response to that motion. A hearing was held on the government's motion on June 10, 2008, at which time the government updated the court on the defendant's state court proceedings. Thereafter, defense counsel stated that despite any changed circumstances arising from the state court case, the defendant remained willing to waive his speedy trial rights and was still agreeable to the delay of trial until 2009. Defense counsel stated that he still believed that a resolution of this case without trial was possible, although less likely, given the developments in defendant's state court case, and asserted that neither party would be prejudiced by delaying the defendant's trial in this case until 2009. The court took the government's motion to set a trial date under advisement.

The court's July 1, 2008 order followed, moving the trial date from an unspecified date in 2009 to the court's earliest available trial date, October 1, 2008. At that time, the court reasoned that the ends of justice served by setting the trial date on October 1st, 2008, instead of some unspecified date in 2009 were consistent with the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The court believed that granting an acceleration of the trial date would promote the interests of

justice, would permit the parties necessary time in which to prepare for trial, and would avoid an indefinite delay of trial which the parties had previously agreed to based on circumstances related to defendant's state court proceedings which no longer warranted a delay in this case.

No continuance was granted by the July 1st order, and no "period of delay" resulted from it. *Compare* 18 U.S.C. § 3161(h). Instead, the trial date was advanced by at least three months by virtue of the July 1st, 2008 order. "Given the fact that no continuance was requested or granted, the "ends of justice" continuance provision is irrelevant." *United States v. Van Someren*, 118 F.3d 1214, 1218 (8th Cir.1997). No ends-of-justice continuance language was necessary. Because the court acted in the interest of the public and the defendant and the ends of justice in significantly advancing the trial date, rather than delaying it, neither the facts nor the policies underlying the Speedy Trial Act support defendant's position.

To the extent that the time period from July 1, 2008 to the next trial setting of October 1, 2008 could possibly be deemed as having continued the trial from July 1, 2008 to October 1, 2008, the court hereby enters on the record its findings in support of that setting, which it considered at the

time that trial date was set, and which motivated that trial setting:

> The court hereby finds that the ends of justice served by this delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Moving the trial date from sometime in 2009 to any date earlier than October 1st, 2008, would result in a miscarriage of justice because neither party would have adequate time in which to prepare for trial. The circumstances related to defendant's state court proceedings which previously warranted a delay of this trial no longer warrant a delay of this trial. However, the parties, who agreed not to try this case until sometime in 2009 based upon those other proceedings, would both be prejudiced by any earlier trial setting because it would be unreasonable to expect that either counsel could adequately prepare for pretrial proceedings and for the trial itself, taking into account the exercise of due diligence, any earlier than October 1, 2008.[2]

These findings are timely. The Tenth Circuit in *Williams* teaches that a district court cannot retroactively grant an ends-of-justice continuance. However, the ends-of-justice findings mandated by the Act "may be entered on the record after the fact." *Williams*, 511 F.3d at 1055 -1056, citing *United States v. Spring*, 80 F.3d 1450, 1456 (10th Cir.1996).

> While its consideration of the factors and findings must be contemporaneous with granting the continuance, the court may delay in entering its finding on the record. *United States v. Hill*, 197 F.3d 436, 441 (10th Cir.1999). "[T]he Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." *Zedner*, 547 U.S. at 507, 126 S.Ct. 1976.

---

[2]This finding is hereby incorporated in the court's order of July 1, 2008.

*United States v. Martino*, 564 F.Supp.2d 1268, 1274 (D.Kan. 2008).

An ends-of-justice continuance of the trial date excludes all delay attributable to the continuance-from the former trial date (hearing date) to the new trial date (hearing date). *See United States v. Apperson*, 441 F.3d 1162 (10th Cir.2006), *cert. denied*, --- U.S. ----, 127 S.Ct. 1003, 166 L.Ed.2d 712 (2007). Accordingly, the challenged dates from July 1, 2008 to October 1, 2008 are excludable.

The parties' briefs raise interesting and unsettled issues regarding defendant's attempted waiver of his speedy trial rights, but the court need not reach them. The case additionally presents the possibility of exclusions for "[a]ny period of delay resulting from other proceedings concerning the defendant ... 18 U.S.C. § 3161(h)(1). See *United States v. Morris*, 1999 WL 571056, 3 (D.Kan.1999). The court finds it unnecessary, however, to address that exclusion at this time.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Dk. 157) is denied.

Dated this 30th day of September, 2008.

                              s/ Sam A. Crow
                              Sam A. Crow, U.S. District Senior Judge