IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                                  Case No. 06-40056-01-SAC

JOSEPH LEE ALLEN,

          Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court for its ruling on defendant's objections to the presentence report. The government has filed no objections.

**Defendant's Objection No. 1**: Paragraph 17 of the presentence report states, in part, that Kenneth Allen reported that after the robbery of Scottie's Bar and Grill on December 19, 2005, while driving away, he gave this defendant the money from the robbery. The defendant states that Kenneth Allen and Tonya Sullivan received all the money from the robbery except $300 which Kenneth gave him for driving. The court finds that the presentence report accurately reflects the statements made in a post-plea debriefing by the co-defendant, Kenneth Allen, but even if the court accepts the facts as stated in defendant's objection, this has no impact on the

guideline calculations in this matter or on the length of the defendant's sentence.

Defendant additionally objects to paragraph 53, which lists defendant's arrest for the offense of battery. Defendant claims he was in the custody of the Kansas Department of Corrections on the date the offense is listed, which is October 11, 1988. The defendant is correct that he was in the custody of the Kansas Department of Corrections on October 11, 1988. However, that date is not the date the offense occurred, and is merely the date the charge against the defendant was filed. This battery case was dismissed on December 21, 1988, and has no impact whatsoever on the guideline calculations in this matter or on the length of the defendant's sentence in this case.

Defendant also objects to paragraph 59 of the presentence report, which reflects his arrest for an aggravated battery of Carolyn Mitchell on February 24, 2004. The defendant asserts that he was never arrested for this offense, that no charges were ever filed against him for this offense, and that he does not know Carolyn Mitchell. The court finds that the offense report does not indicate that the defendant was arrested for this offense, but the presentence report accurately reflects that no charges

were filed. Further, Ms. Mitchell did identify this defendant as the person who committed the crime. The court sustains the defendant's objection to the presentence report's indication that the defendant was arrested for this offense, but finds that this matter has no impact on the guideline calculations or on the length of the defendant's sentence in this case.

Defendant objects to paragraph 60 of the presentence report, which states that he was arrested for possession of opiates and for criminal damage to property on December 18, 2004. The defendant states that he was never arrested for this offense, and indicates it was not he who was involved in this offense. The court finds that this offense appears on the defendant's criminal rap sheet from the Kansas Bureau of Investigation, which is based on fingerprint comparisons for persons arrested, although no offense reports has been received from the arresting agency. The presentence report accurately reflects that no charges were filed. The court finds that this matter has no impact on the guideline calculations or on the length of the defendant's sentence.

Defendant objects to paragraph 44, which reflects his conviction in state court for attempted first degree murder and criminal possession of a firearm. The defendant asserts he is innocent of these crimes. Specifically,

the defendant states that four witnesses place him outside of Topeka on the date of the offense, that he was at a car auction at the time, and that a video tape of the car that reportedly left the scene of the crime was in the possession of the police department but later was missing.  The defendant claims he was convicted based upon the false testimony of a person who falsely claimed to be his cellmate. The court finds that the information stated in paragraph 44 was accurately obtained from investigative reports and court records, that the defendant was found guilty of the stated crimes by a jury, and that the jury's verdict is accurately reflected in the presentence report.

      The court thus finds that the information contained in the body of the presentence report is accurate except for its indication that the defendant was arrested for an aggravated battery of Carolyn Mitchell on February 24, 2004. Defendant's remaining objections are overruled. None of the issues raised in any of defendant's objections has an impact on the defendant's length of sentence for this offense.

      SO ORDERED.

Dated this 14th day of July, 2009, Topeka, Kansas.


                                         s/ Sam A. Crow
                                         Sam A. Crow, U.S. District Senior Judge